1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JOHNNY SALDATE,                          )     1:07-CV-00309 AWI GSA HC
                                            )
10              Petitioner,                 )     ORDER ON RESPONDENT'S SECOND
                                            )     EXPEDITED STAY REQUEST
11      v.                                  )
                                            )     (Doc. No. 20)
12                                          )
                                            )
13  DERRAL ADAMS, Warden,                   )
                                            )
14              Respondent.                 )
                                            )
15  _____

16      On July 10, 2008, the Court granted Petitioner's request for a writ of habeas corpus.  The

17  Court reviewed the BPH's denial of a parole date, determined that the decision was not supported by

18  "some evidence," and ordered the BPH to set a parole date within 30 days.[1]  See Court's Docket

19  Doc. No. 14.  Respondent requested that the Court issue a stay pursuant to Federal Rule of Civil

20  Procedure 62(c).  See Court's Docket Doc. No. 16.  The Court denied the motion as premature

21  because an appeal had not yet been filed.  See Court's Docket Doc. No. 18.  Respondent filed a

22  second expedited request[2] for Rule 62(c) stay and then subsequently filed a notice of appeal.

23      Respondent argues that a stay should be issued because: (1)  it has a strong likelihood of

24  success on appeal because this Court impermissibly re-weighed evidence and no Supreme Court

25  precedent creates either a liberty interest in a parole date or requires that a denial of a parole date be

26  _____

27      [1]Respondent chooses to characterize the order as follows: "Respondent request [sic] a stay of this Court's order
    requiring the [BPH] to disregard its statutory duty to determine whether an inmate is suitable for parole and to calculate a
28  term for a convicted murderer pending appeal."

    [2]Respondent seeks an expedited ruling so that it will have time to seek relief with the Ninth Circuit, if necessary.

1 │ supported by "some evidence;" (2) a stay would not substantially injure Petitioner because he has an

2 │ indeterminate life sentence; (3) Petitioner would be irreparably harmed because issuance of a parole

3 │ date usurps legislative mandates; (4) the public has an interest in ensuring that decisions by the BPH

4 │ remain undisturbed; and (5) the forthcoming *en banc* Ninth Circuit decision in *Hayward* may decide

5 │ whether jurisdiction is appropriate in parole cases and what standard may apply; further the Ninth

6 │ Circuit has stayed several cases pending the decision in *Hayward*.  Petitioner opposes the Rule 62(c)

7 │ request.

8 │      *Legal Standard*

9 │      Through Federal Rule of Civil Procedure 62(c), a district court "retains jurisdiction during

10 │ the pendency of an appeal to act to preserve the status quo."  Natural Resources Defense Council,

11 │ Inc. v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).  "Rule 62(c) does not restore

12 │ jurisdiction to the district court to adjudicate anew the merits of the case," and the "district court's

13 │ exercise of jurisdiction should not materially alter the status of the case on appeal."  Mayweathers v.

14 │ Newland, 258 F.3d 930, 935 (9th Cir. 2001); Southwest Marine, 242 F.3d at 1166.  In relevant part,

15 │ Rule 62(c) reads:

16 │      (c) Injunction Pending Appeal. When an appeal is taken from an interlocutory or final
     │      judgment granting, dissolving, or denying an injunction, the court in its discretion
17 │      may suspend, modify, restore, or grant an injunction during the pendency of the
     │      appeal upon such terms as to bond or otherwise as it considers proper for the security
18 │      of the rights of the adverse party. . . .

19 │ Fed. R. Civ. P. 62(c).

20 │      "A party seeking a stay of a lower court's order bears a difficult burden."  United States v.

21 │ Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1994). District

22 │ courts consider four factors in ruling on Rule 62(c)  motions: "(1) whether the stay applicant has

23 │ made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

24 │ irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

25 │ parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481

26 │ U.S. 770, 776 (1987); United States v. 1020 Elect. Gambling Mach., 38 F.Supp.2d 1219, 1220 (E.D.

27 │ Wash. 1999); Overstreet ex rel. NLRB v. Thomas Davis Medical Ctrs., P.C., 978 F. Supp. 1313,

28 │ 1314 (D. Ariz. 1997); Texaco Ref. & Mktg. v. Davis, 819 F.Supp. 1485, 1486 (D. Or. 1993); Miller

1  v. Carlson, 768 F.Supp. 1341, 1342 (C.D. Cal. 1991).  "This standard for evaluating the desirability

2  of a stay pending appeal is quite similar to that which the Court employ[s] in deciding to grant [a]

3  preliminary injunction."  Miller, 768 F.Supp. at 1342 (citing Lopez v. Heckler, 713 F.2d 1432, 1435

4  (9th Cir. 1983)).  With respect to irreparable injury, speculative injury does not constitute irreparable

5  injury.  See Goldie's Bookstore v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984). Rather, a plaintiff

6  must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.  See

7  Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  In evaluating the

8  harm that will occur depending upon whether the stay is granted, a court may consider: "(1) the

9  substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the

10  proof provided."  Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d

11  150, 153 (6th Cir. 1991).

12          *Discussion*

13          After reviewing the *Hilton* factors, the Court does not believe that a stay is appropriate.

14  Respondent has not made a sufficient showing that it is likely to succeed on appeal, has not

15  sufficiently shown irreparable injury, has not sufficiently shown that Petitioner will not be harmed,

16  and has not sufficiently shown that the public interest clearly lies in favor of a stay, such that a stay

17  should issue.  With respect to *Hayward*, it is unknown when a ruling will be made, what issues will

18  be decided, or why the Ninth Circuit appears to be staying cases *sua sponte*.  If this case fits within

19  the concerns that the Ninth Circuit has over *Hayward*, then it will grant a stay.  However, that is an

20  issue for the Ninth Circuit.  Here, Respondent has not adequately met its "difficult burden" of

21  showing that a stay of this Court's order is necessary.  See Hilton, 481 U.S. at 776; Private

22  Sanitation, 44 F.3d at 1084.

23

24          Accordingly, IT IS HEREBY ORDERED that Respondent's Rule 62(c) motion is DENIED.

25

26  IT IS SO ORDERED.

27  **Dated:    July 25, 2008**                    **/s/ Anthony W. Ishii**
                                              CHIEF UNITED STATES DISTRICT JUDGE

28

3